J-S12045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NOEL CARLOS RIVERA, JR., | : | |
| | : | |
| Appellant | : | No. 1364 MDA 2016 |

Appeal from the PCRA Order July 22, 2016
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s): CP-36-CR-0004301-2000,
CP-36-CR-0004302-2000, CP-36-CR-0004303-2000,
CP-36-CR-0004304-2000, CP-36-CR-0004305-2000

BEFORE: PANELLA, OTT and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2017**

Noel Carlos Rivera, Jr. ("Rivera"), appeals *pro se* from the Order dismissing his fourth Petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

In its Opinion, the PCRA court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. ***See*** PCRA Court Opinion, 6/23/16, at 1-2.

On June 23, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Rivera's Petition. Rivera filed a *pro se* Objection to the PCRA court's Rule 907 Notice. On July 22, 2016, the PCRA court issued an Order dismissing the Petition. Rivera filed a timely Notice of Appeal and a

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Rivera raises the following issue for our review:

Whether the *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), holding that the State collateral courts must now enforce substantive federal Constitutional rulings from the U.S. Supreme Court applies exclusively to just juvenile homicide offenders serving mandatory life without parole sentences; and, if not, whether *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies to [] Rivera's sentence under 42 Pa.C.S.[A.] § 9545(b)(1)(iii)'s exception for such substantive federal Constitutional rules?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

On appeal, Rivera contends that the PCRA court erred by determining that *Montgomery* has no application to Rivera's case because he was not sentenced for homicide, and was not a juvenile at the time he committed his offenses. Brief for Appellant at 10. Rivera asserts that the retroactivity ruling announced in *Montgomery* was not limited to juvenile homicide

offenders serving mandatory life sentences without the possibility of parole. *Id*. Rivera claims that, when ruling on his Petition, the PCRA court did not have the benefit of the Pennsylvania Supreme Court's ruling in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), which, Rivera argues, "clearly left the door open" for broader retroactivity jurisprudence. Brief for Appellant at 11.

In its Opinion, the PCRA court thoroughly addressed Rivera's issue, set forth the relevant law, and determined that the issue lacks merit. *See* PCRA Court Opinion, 6/23/16, at 2-8. We agree with the reasoning of the PCRA court, and affirm on this basis. *See id*.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

---

[2] We further conclude that Rivera's reliance on *Washington* is misplaced, as our Supreme Court expressly ruled therein that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Washington*, 142 A.3d at 820.

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :
                                    :

v.                      :     Nos. 4301, 4302, 4303, 4304, 4305-2000
                                      :

NOEL CARLOS RIVERA          :

## Rule 907 Notice

BY: KNISELY, J.                                       June 23, 2016

Before the Court is Defendant's fourth petition for collateral relief filed pursuant to the

Post Conviction Collateral Relief Act (PCRA).[1] Defendant's petition is time barred. This Notice

is written pursuant to Pa.R.Crim.P. 907. Defendant's petition will be dismissed without a

hearing unless Defendant amends his petition within 20 days and provides a reviewable basis for

relief.

On March 15, 2001, Petitioner entered an open guilty plea to seven counts of robbery,[2]

one count of aggravated assault,[3] and one count of resisting arrest.[4] These charges stemmed

from Defendant committing seven robberies of convenience and grocery stores over the course

of eleven days in Lancaster City. Five of the seven robberies were committed with a firearm. On

May 4, 2001, Defendant was sentenced to an aggregate term of twenty to forty years of

incarceration. In fashioning Defendant's sentence, the court invoked Pennsylvania's mandatory

minimum statute for crimes of violence committed with a firearm.[5] His motion to modify

sentence was denied on May 16, 2001. The Superior Court affirmed Defendant's sentence on

---

[1] 42 Pa.C.S.A. §§ 9541-46.
[2] 18 Pa.C.S.A. § 3701 (a)(1).
[3] 18 Pa.C.S.A. § 2702 (a)(3).
[4] 18 Pa.C.S.A. § 5104.
[5] 42 Pa.C.S.A. § 9712(a) provides, in relevant part, "any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement."

LANCASTER COUNTY, PA    2016 JUN 23 PM    CLERK OF COURTS

March 27, 2002. Defendant did not file an appeal to the Supreme Court of Pennsylvania. His judgment became final under the PCRA on April 26, 2002, thirty days after his time to seek review expired.

On January 15, 2003, Defendant filed his first *pro se* PCRA petition. By Order of Court dated July 7, 2003, the trial court dismissed Defendant's PCRA without a hearing, concluding that Defendant failed to meet the required standard for relief under the PCRA. On April 2, 2013, Defendant filed a second *pro se* PCRA Petition. On July 7, 2013, this Court dismissed Defendant's PCRA on the basis that Defendant's petition was untimely and failed to properly invoke an exception to the PCRA timeliness requirements. On April 11, 2014, the Superior Court affirmed the dismissal of Defendant's petition. On July 11, 2014, Defendant filed his third *pro se* PCRA petition. On October 30, 2014, this Court dismissed Defendant's petition without a hearing, concluding that Defendant had, again, failed to demonstrate that he is entitled to relief under the PCRA. On March 17, 2016, Defendant filed the instant PCRA petition.

A PCRA petition must be filed within one year of the date petitioner's judgment of sentence becomes final unless he pleads and proves one of the enumerated exceptions. 42 Pa.C.S.A. § 9545. A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of an untimely filed PCRA petition. *Commonwealth v. Copenhefer*, 596 Pa. 104, 108, 941 A.2d 646, 648-49 (2007). The court is precluded from addressing the merits of a petition that does not invoke one of the statutorily enumerated exceptions. *Commonwealth v. Wilson*, 824 A.2d 331,

2

333(Pa.Super. 2003). The PCRA's timeliness rules apply even to claims, such as Defendant's, that implicate the legality of a sentence. *See Commonwealth v. Jackson*, 30 A.3d 516, 521-522 (Pa.Super. 2011); *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007). Further, even if a petition is entitled to one of the enumerated exceptions, but is not filed within 60 days of the date the claim could have been first brought, the court may not address the merits of the petition. *Id.*

Here, the petition under present consideration, filed March 17, 2016, is manifestly untimely. Defendant's judgment became final as of April 26, 2002, upon expiration of the time to file an appeal to the Supreme Court of Pennsylvania. *See* Pa.R.A.P. 903(a). To be timely, Defendant's PCRA must have been filed within one year of that date unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Instead, the instant PCRA petition was filed March 17, 2016, nearly fourteen years after Defendant's judgment became final. Therefore, Defendant's current petition is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). As noted above, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa. C.S.A. § 9545(b)(2).

Defendant invokes the timeliness exception in subsection 9545(b)(1)(iii) to claim he is entitled to relief in the form of resentencing, alleging that, based on the United States Supreme

3

Court's decision in *Montgomery v. Louisiana*,[6] he is entitled to resentencing under *Alleyne v. United States*[7] and *Commonwealth v. Valentine*,[8] because he had received a mandatory sentence, which, under Pennsylvania law at the time, required only that the facts to determine the mandatory sentence be submitted to the judge and proved by a preponderance of the evidence.[9] Defendant claims that his sentence violated *Alleyne* because the determination of whether section 9712(a) was satisfied must be made by a fact-finder and proven beyond a reasonable doubt.[10] Essentially, Defendant contends that through *Montgomery*, *Alleyne* and its Pennsylvania progeny have created a new constitutional right which should be applied retroactively.[11]

First, Defendant's reliance on *Montgomery* is misplaced and does not entitle him to relief. In *Montgomery*, the United States Supreme Court held that its decision in *Miller v. Alabama* applies retroactively to cases on collateral review. *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016). *Miller* held that mandatory life without parole sentences for juvenile homicide offenders are unconstitutional. *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012). However, the *Montgomery* Court's decision has no bearing on Defendant's case because Defendant was neither sentenced for homicide, nor was he a juvenile at the time he committed his offenses. Defendant was sentenced for robbery, aggravated assault, and resisting arrest, all of which were committed after Defendant had reached adulthood. Therefore, *Montgomery* does not provide

---

[6] *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016)(held United States Supreme Court's decision in *Miller v. Alabama*, prohibiting mandatory life sentences without parole for juvenile homicide offenders, announced a new substantive constitutional rule that was retroactive on state collateral review).

[7] *Alleyne v. United States*, 133 S.Ct. 2151 (2013)(held that under the Sixth Amendment, any fact that increases a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt).

[8] *Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super. 2014) (held 42 Pa.C.S.A § 9712 is unconstitutional and non-severable).

[9] *See* 18 Pa.C.S.A. § 9712(b).

[10] *See* Motion for Post-Conviction Collateral Relief, 3/17/16, at page 2.

[11] *See* Motion for Post-Conviction Collateral Relief, 3/17/16, at page 2.

4

Defendant with a basis for PCRA relief.

Moreover, Defendant's claim under *Alleyne* does not excuse his lack of timeliness. The Superior Court has established that *Alleyne*, and its current Pennsylvania progeny, do not establish an exception to the PCRA time-bar under 42 Pa.C.S.A. § 9545(b)(1)(iii). *See Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa.Super. 2014); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa.Super. 2015). In *Miller*, the Superior Court held that *Alleyne* did not meet the new constitutional right exception to the PCRA time bar, as neither the United States Supreme Court, nor the Pennsylvania Supreme Court, "has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Id.* at 995. The Superior Court further held that although *Alleyne* "implicates the legality of the sentence and cannot be waived on appeal," the Court must have a basis for jurisdiction in order to review the claim. *Id.* Because the defendant could not overcome the time bar, the Court had no jurisdiction to review his claim. *Id.* at 995-996.

Here, Defendant filed the instant petition more than one year beyond the date his judgment of sentence became final. Defendant's judgment became final as of April 26, 2002, upon expiration of the time to file an appeal to the Superior Court of Pennsylvania. *See* Pa.R.A.P. 903(a); the instant PCRA petition was filed March 17, 2016, nearly fourteen years after his judgment became final. Like the Court in *Miller*, this Court has no basis for jurisdiction because Defendant has not overcome the one year time bar.

Additionally, even if *Alleyne* had been held to apply retroactively in this type of situation, the exceptions can excuse untimeliness of a PCRA petition only if it is filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. §9545(b)(2). *Alleyne* was decided on

5

June 17, 2013, *Valentine* was decided on October 3, 2014, and Petitioner's pro se petition was filed on March 17, 2016, well past the 60 day limit for any timeliness exception.[12] As such, the Court is precluded from addressing the merits of the petition.

Moreover, for reasons similar to those outlined in *Miller* as to why *Alleyne* is not retroactive, *Valentine* also does not apply retroactively to cases on collateral review. Although the *Valentine* ruling provides that the portions of the mandatory minimum sentencing statute of 42 Pa.C.S.A. § 9712 which violate *Alleyne* are unconstitutional and not severable,[13] the retroactivity of *Valentine* was not addressed by the Superior Court. Because *Valentine* has not been held to apply retroactively to cases in which the judgment of sentence has become final, that case, like *Alleyne*, does not provide Defendant with an exception under Section 9545(b)(1)(iii) to the PCRA's timing requirement.

Furthermore, even assuming that *Valentine* would qualify as a new constitutional rule, Defendant is still not entitled to relief. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Commonwealth v. Watley*, 81 A.3d 108, 117 n.5 (Pa.Super. 2014) (quoting *Whorton v. Bockting*, 549 U.S. 406, 416. (2007)). Substantive rules are those that decriminalize conduct, *see, e.g., Griswold v. Connecticut*, 381 U.S. 479 (1965) or prohibit punishment against a class of persons, *see, e.g., Atkins v. Virginia*, 536 U.S. 304 (2002). *Commonwealth v. Hughes*, 865 A.2d 274, 308 (Pa. 2004). A watershed procedural rule is one that is necessary to prevent an impermissibly large

---

[12] Defendant's claim that his petition is timely because it was filed within 60 days of the ruling in *Montgomery v. Louisiana* is without merit because, as discussed previously, *Montgomery* is inapplicable to Defendant's case.
[13] *See Valentine*, 101 A.3d at 812.

6

risk of an inaccurate convictions and "alters our understanding of the bedrock procedural elements essential to the fairness of the proceeding." *Hughes*, 865 A.2d at 309 (citation and internal quotations omitted).

*Valentine* does not meet the criteria of creating a substantive rule or a watershed procedural rule under the retroactivity framework. *Valentine* does not decriminalize Defendant's conduct, nor does that decision categorically prohibit mandatory sentences against those who commit crimes of violence with firearms. *See Riggle*, 119 A.3d at 1067 (*Alleyne* is not a substantive rule). Therefore, *Valentine*, does not represent a substantive rule. Furthermore, our Supreme Court's decision in *Commonwealth v. Hopkins*[14] is instructive as to why *Valentine* also does not represent a watershed procedural rule.[15] In declaring mandatory sentences against those who sell drugs in a school zones unconstitutional and non-severable, the *Hopkins* Court merely applied severability precedent in construing legislative intent. *Hopkins*, 117 A.3d at 259. The fundamental fairness of Defendant's sentencing was not undermined by either the *Hopkins* or *Valentine* decisions, which only did away with mandatory sentencing statutes. Defendant could have received an identical sentence without regard to the existence of that statute. *See Hopkins*, 117 A.3d at 262-63 (our Supreme Court observed, "[f]inally, and importantly, our decision today in no way impacts the ability of the Commonwealth to convict and sentence those dealing in illegal drugs near our Commonwealth's schools—it merely limits the imposition of a mandatory minimum sentence for those offenders until our legislature acts to address the constitutional

---

[14] *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (held 18 Pa.C.S.A. § 6317 is unconstitutional and non-severable).

[15] As the *Riggle* Court astutely noted when it determined that *Alleyne* did not constitute a watershed procedural rule, the only rule explicitly recognized by the United States Supreme Court as a watershed criminal procedural rule was announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963), *i.e.*, the right to counsel during a felony criminal prosecution. *Riggle*, 119 A.3d 1066-67, (citing *Whorton v. Bockting*, 549 U.S. 406, 419 (2007)).

7

requirements imposed by the United States Supreme Court in Alleyne"). Consequently, *Hopkins,* and by extension, *Valentine*, is not a watershed rule entitled to retroactive effect in Defendant's collateral PCRA proceeding.

Therefore, because *Montgomery* has no bearing on Defendant's case, and because Defendant's petition has also not establish that the United States Supreme Court or the Pennsylvania Supreme Court has recognized a new constitutional rule or that either *Alleyne* or its Pennsylvania progeny applies retroactively, Defendant has failed to prove a timeliness exception under subsection 9545(b)(1)(iii) of the PCRA on the basis of a newly-recognized constitutional right. Defendant's petition is, therefore, time barred. Defendant neither pleads an exception to the time bar nor sets forth facts that invoke an exception. As such, this Court is precluded from addressing the merits of the petition. Defendant is not entitled to post-conviction relief, and no purpose would be served by any further proceedings. Defendant is hereby provided notice of this Court's intent to dismiss his petition without a hearing. Defendant may respond within twenty (20) days from the date of this Notice to demonstrate that he is entitled to relief under the PCRA. Accordingly, I enter the following:

8

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :
                              :
           v.                :   Nos. 4301, 4302, 4303, 4304, 4305-2000
                              :
NOEL CARLOS RIVERA            :

## ORDER

AND NOW, this 23 day of June, 2016, upon consideration of Petitioner Noel Carlos

Rivera's *pro se* PCRA petition, filed March 17, 2016, it is hereby ORDERED and DECREED

that the Petition is denied. Petitioner is hereby given notice that the Court, pursuant to

Pa.R.Crim.P. 907, intends to dismiss his Post-Conviction Collateral Relief Petition without a

hearing unless Petitioner shall, within twenty (20) days of the date of this Order and Notice,

show good cause why the petition should not be dismissed.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

BY THE COURT:

_____
HOWARD F. KNISELY
JUDGE

Jacquelyn E. Pfursich
Clerk of Courts

ATTEST:
Copies to:

Noel Carlos Rivera, ID# EQ9052, SCI Mahanoy, 301 Morea Rd., Frackville, PA 17932
        (Via Certified Mail, Return Receipt Requested)

Office of the District Attorney